UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

------------------------------------------------x
                                        :

FERNANDO G. IRAZU                :         3:21 CV 618 (VAB)
*Plaintiff*                                  :
                                        :
v.                                          :
                                        :
MARGARITA OLIVIA SAINZ  :
DE AJA AND                         :
KEVIN F. COLLINS               :         MAY 25, 2021
*Defendants*                            :
------------------------------------------------x

RULING ON THE PLAINTIFF'S MOTION FOR LEAVE TO PROCEED
*IN FORMA PAUPERIS* AND RULING RECOMMENDING DISMISSAL

On May 5, 2021, the plaintiff Fernando Irazu commenced this action, *pro se*, against Margarita Olivia Sainz De Aja and Kevin F. Collins, alleging, pursuant to 42 U.S.C. § 1983, that the defendants violated his First, Fourth, Fifth, Sixth, Eighth, Ninth, and Fourteenth Amendment rights when they defamed, threatened, extorted, and made false criminal allegations against him. (Doc. No. 1 at 5-9). That same day, the plaintiff filed a Motion for Leave to Proceed *In Forma Pauperis*. (Doc. No. 2). On May 10, 2021, United States District Court Judge Victor A. Bolden referred to the undersigned the plaintiff's Motion for Leave to Proceed *In Forma Pauperis* and the initial review of the Complaint pursuant to 28 U.S.C. § 1915. (Doc. No. 8).

I.     LEGAL STANDARD

Section 1915 provides, in relevant part:

[A]ny court of the United States may authorize the commencement of any suit . . . without prepayment of fees or security therefor, by a person who submits an affidavit that includes a statement of all assets such [person] possesses that the person is unable to pay such fees or give security therefor.

28 U.S.C. § 1915(a)(1). The same statute that authorizes the Court to grant *in forma pauperis* status to a plaintiff also contains a provision that protects against the abuse of this privilege. Subsection (e) provides that the Court "shall dismiss the case at any time if the court determines that . . . the action . . . (i) is frivolous or malicious; (ii) fails to state a claim upon which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B).

## II.  FINANCIAL AFFIDAVIT

Turning to the first step in the two-step process of review, the Court concludes that the plaintiff has established indigency. (*See* Doc. No. 2). The court determines whether an applicant is indigent by reviewing the applicant's assets and expenses as stated on a declaration submitted with the motion to proceed *in forma pauperis*. The plaintiff, through his financial affidavit and the attachments therein, has demonstrated to the Court an inability to pay for the commencement of this action. Accordingly, the plaintiff's Motion to Proceed *In Forma Pauperis* is GRANTED.

## III.  MERITS OF THE COMPLAINT

Turning next to the merits of the Complaint, the Court recommends that this matter be dismissed without prejudice because the plaintiff fails to state a claim upon which relief can be granted.

The plaintiff makes a number of allegations regarding the defendants' improprieties arising out of the October 1, 2009 divorce proceedings between him and Ms. Sainz De Aja. (Doc. No. 1 at 9). The gravamen of the plaintiff's complaint is that the defendants, through defamatory, vexatious, abusive, unethical, and fraudulent actions, destroyed his career, reputation, finances, mental health, and relationship with his children, in deprivation of his First, Fourth, Fifth, Sixth, Eighth, Ninth, and Fourteenth Amendment rights.

In Count One, the plaintiff asserts that the defendants "knowingly and willfully" breached the provision of their court-mandated divorce stipulation that required Ms. Sainz De Aja to list their home for sale at its then fair market value. (Doc. No. 1 at 38-39). As a result of the defendants' alleged breach, the plaintiff claims that he suffered a financial loss "in the range of $1,000,000." (Doc. No. 1 at 40).

In Count Two, the plaintiff alleges that he was subjected to "relentless legal and non-legal attacks from the other side for more than a decade in both the [United States] and Europe, within civil and criminal proceedings plagued by unethical and illegal behavior." (*Id.*). To that end, the plaintiff maintains that Mr. Collins, Ms. Sanz De Aja's attorney since 2010, used his leverage and influence improperly to weaponize the court system against him. (Doc. No. 1 at 3, 41-42). The plaintiff alleges further that the vexatious and defamatory litigation that the defendants subjected him to resulted in "the relationship with his children being curtailed . . . his professional career being decimated and his employment terminated . . . as well as suitable employment opportunities being ruined because of the remnants of this overall ignominy." (*Id.*). With respect to those alleged improprieties, the plaintiff estimates that he is entitled to damages "in the range of $5,000,000." (Doc. No. 1 at 43).

The Court recommends dismissal of the plaintiff's Complaint because the plaintiff brings forth a § 1983 claim against private citizens that were not acting under color of state law. "In order to state a claim under § 1983, a plaintiff must allege that he was injured by either a state actor or a private party acting under color of state law. . . . [A] litigant claiming that his constitutional rights have been violated must first establish that challenged conduct constitutes state action." *Ciambriello v. County of Nassau*, 292 F.3d 307, 323 (2d Cir. 2002) (internal citations and quotation marks omitted). As stated previously, the basis of the plaintiff's claims is that the defendants,

through fraud, gamesmanship, defamation, and unethical conduct, deprived him of his constitutional rights. Because neither defendant is a state actor, a fact that the plaintiff makes clear on the face of his Complaint (*see* Doc. No. 1 at 3), the plaintiff must show that the defendants acted in concert with state officials in order to maintain his § 1983 claim. *Spear v. Town of West Hartford*, 954 F.2d 63, 68 (2d Cir. 1992) ("To state a claim against a private entity on a section 1983 conspiracy theory, the complaint must allege facts demonstrating that the private entity acted in concert with the state actor to commit an unconstitutional act.").

In the underlying facts section of his Complaint, the plaintiff alludes to "multiple illegalities from the Greenwich Police Department as well as others within the State of Connecticut." (Doc. No. 1 at 9). Read liberally, the plaintiff's Complaint suggests—albeit vaguely—that the defendants operated in concert with unnamed state actors and, accordingly, acted under color of state law in depriving him of his constitutional rights.[1] The nucleus of the plaintiff's claims, however, does not allege that the defendants participated in joint activity with state actors to deprive him of his rights. Rather, the plaintiff maintains that the defendants' joint activity, *i.e.* breaching the divorce stipulation, commencing vexatious litigation, and defaming him, "perverted the legal process to their own illegal benefit" and caused the damages of which he complains. (Doc. No. 1 at 43).

When evaluating whether a private party acted in concert with the state or its actors in violation of a constitutional right, "the question is whether the conduct allegedly causing the

---

[1] The plaintiff does, however, allege that the Caseflow coordinator for the Connecticut Superior Court Stamford/Norwalk Judicial District, Mr. Diamond, used his function with the court to give the defendants "an illegitimate advantage insofar as delaying, precluding and obstructing justice. . . ." (Doc. No. 1 at 42). Short of that conclusory allegation, the plaintiff offers no factual basis in support of his claim that the defendants worked jointly with the State or its agents to engage in unlawful conduct. Nor does the plaintiff allege clearly what constitutional rights, if any, he was deprived of as a result of the "illegitimate advantage" that Mr. Diamond gave the defendants. Such vague and conclusory allegations are insufficient to maintain a claim under § 1983. *See Zemsky v. City of New York*, 821 F.2d 148, 151-52 (2d Cir. 1987) (dismissing plaintiff's § 1983 claim for vague and unsupported allegations as to relationship between defendant and municipal actors).

deprivation of a federal right [can] be fairly attributable to the State." *National Collegiate Athletic Ass'n v. Tarkanian*, 488 U.S. 179, 199 (1988) (citation and internal quotation marks omitted). Here, the plaintiff makes no substantive representations that the defendants participated jointly with state actors to deprive him of his constitutional rights. Consequently, the plaintiff's claims fail to allege that the defendants acted under color of state law and, therefore, are not viable pursuant to § 1983.

IV.  CONCLUSION

For the reasons stated above, the plaintiff's Motion to Proceed *In Forma Pauperis* (Doc. No. 2) is GRANTED, but the Court respectfully recommends that the plaintiff's Complaint be dismissed without prejudice.

**If the plaintiff wishes to pursue his claim under § 1983, he must file an amended complaint that sets forth facts in support of his contention that the defendants acted in concert with state actors in depriving him of his constitutional rights, on or before JUNE 15, 2020. Any amended complaint must comply with the Federal and Local Rules of Civil Procedure. The amended complaint must be captioned "Amended Complaint," and will completely supersede the current Complaint.**

This is a recommended ruling. *See* FED. R. CIV. P. 72(b)(1). Any objections to this recommended ruling must be filed with the Clerk of the Court within fourteen (14) days after filing of such order. *See* D. CONN. L. CIV. R. 72.2(a). Any party receiving notice or an order or recommended ruling from the Clerk by mail shall have five (5) additional days to file any objection. *See* D. CONN. L. CIV. R. 72.2(a). Failure to file a timely objection will preclude appellate review. *See* 28 U.S.C. §636(b)(1); FED. R. CIV. P. 6(a) & 72; D. CONN. L. CIV. R. 72.2; *Impala v. United States Dept. of Justice*, 670 F. App'x 32 (2d Cir. 2016) (summary order) (failure to file

timely objection to Magistrate Judge's recommended ruling will preclude further appeal to Second Circuit); *Small v. Secretary of H.H.S.*, 892 F.2d 15 (2d Cir. 1989) (per curiam).

Dated at New Haven, this 25th day of May, 2021.

/s/ Robert M. Spector, USMJ
Robert M. Spector
United States Magistrate Judge