UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

| | |
|---|---|
| FERNANDO G. IRAZU,<br>      *Plaintiff*<br><br>           v.<br><br>MARGARITA OLIVA SAINZ DE AJA,<br>KEVIN F. COLLINS, and<br>JEFFREY A. DIAMOND,<br>      *Defendant*. | No. 3:21-cv-618 (VAB) |

**RULING AND ORDER ON MOTION TO RECUSE**

Fernando Irazu ("Plaintiff" or "Mr. Irazu") commenced this action *pro se* against Margarita Oliva Sainz De Aja ("Ms. Sainz De Aja"), Mr. Irazu's former wife; Kevin F. Collins ("Mr. Collins"), Ms. Sainz De Aja's divorce attorney; and Jeffrey A. Diamond ("Mr. Diamond"), a Family Caseflow Coordinator in charge of scheduling judges for family law hearings. Am. Compl., ECF No. 17 (June 21, 2021) ("Am. Compl."). Mr. Irazu alleges: (1) an "ongoing attempt to illegally appropriate [the plaintiff's] entire patrimony with fraudulent intent—against preexistent agreements and applicable law to the parties"; and (2) "plain abusive, vexatious and unethical dealings before local and international courts, when not criminal conduct per federal normative." *See* Am. Compl. ¶ 14. On August 22, 2022, Mr. Irazu moved for recusal of this Court for alleged bias. *See* Pl.'s Mot. for Recusal, ECF No. 24 (Aug. 22, 2022) ("Mot. to Recuse").

For the following reasons, Mr. Irazu's motion to recuse is **DENIED**.

I. **FACTUAL AND PROCEDURAL BACKGROUND**

On May 5, 2021, Mr. Irazu filed a complaint against Ms. Sainz De Aja and Mr. Collins. Am. Compl. ¶¶ 2–5.

On May 5, 2021, Mr. Irazu filed a motion for leave to proceed *in forma pauperis*. *See* Mot. for Leave to Proceed, ECF No. 2.

On May 25, 2021, the Court granted Mr. Irazu's motion for leave to proceed *in forma pauperis*. *See* Order, ECF No. 9.

On May 25, 2021, Magistrate Judge Robert M. Spector issued a recommended ruling, which recommended that this case be dismissed without prejudice. *See* Rec. Ruling, ECF No. 10.

On June 2, 2021, Mr. Irazu filed a motion for clarification of the recommended ruling and an objection to the recommended ruling. *See* Mot. for Clarification, ECF No. 11 (June 2, 2021); Obj. to Rec. Ruling, ECF No. 12.

On June 15, 2021, this Court adopted Judge Spector's recommended ruling, denied Mr. Irazu's motion for clarification, and ordered the case dismissed without prejudice to Mr. Irazu filing an amended complaint by July 9, 2021. *See* Order, ECF No. 16.

On June 21, 2021, Mr. Irazu filed the Amended Complaint, which included Mr. Diamond as an additional defendant. *See* Am. Compl.

On March 8, 2022, Judge Spector issued a recommended ruling, which recommended that this case be dismissed with prejudice. *See* Rec. Ruling, ECF No. 19.

On March 14, 2022, Mr. Irazu filed an objection to the March 8, 2022 recommended ruling and a motion requesting the Court issue an order granting Mr. Irazu access to electronic filing and overruling the March 8, 2022 recommended ruling. *See* Obj. to Rec. Ruling, ECF No.

20; Mot. for Order, ECF No. 23. The Court returned the motion for order to Mr. Irazu because they were deficient. *See* Order, ECF No. 22.

On August 22, 2022, Mr. Irazu filed a motion for recusal and a motion to participate in electronic filings. *See* Mot. to Recuse; Mot. to Participate, ECF No. 25.

I.  **DISCUSSION**

Parties may move for judicial recusal on account of "a personal bias or prejudice either against [the party] or in favor of any adverse party . . . ." 28 U.S.C. § 144; *see also* 28 U.S.C. § 455(b)(1) (requiring judges to disqualify themselves where they have "a personal bias or prejudice concerning a party, or personal knowledge of disputed evidentiary facts concerning the proceeding"). Such a motion "shall be filed not less than ten days before the beginning of the term at which the proceeding is to be heard, or good cause shall be shown for failure to file it within such time." 28 U.S.C. § 144. In deciding whether to recuse, "the trial judge must carefully weigh the policy of promoting public confidence in the judiciary against the possibility that those questioning his impartiality might be seeking to avoid the adverse consequences of [the judge's] presiding over their case." *In re Drexel Burnham Lambert, Inc.*, 861 F.2d 1307, 1312 (2d Cir. 1988) (internal citation omitted).

The Second Circuit has recognized that "[d]iscretion is confided in the district judge in the first instance to determine whether" disqualification is appropriate, as "[t]he judge presiding over a case is in the best position to appreciate the implications of those matters alleged in a recusal motion." *Id.* at 1312 (citing *Apple v. Jewish Hosp. & Med. Ctr.*, 829 F.2d 326, 333 (2d Cir. 1987)).

Mr. Irazu argues that there "is not reasonable explanation" for Judge Spector's May 25, 2021 recommended ruling, this Court's June 15, 2021 order adopting the May 2021

recommended ruling, and Judge Spector's March 8, 2022 recommended ruling, except for the alleged defamation of Mr. Irazu. *See* Mot. to Disqualify at 6–7. More specifically, Mr. Irazu contends that this Court and Judge Spector "have not applied the law impartially" because Mr. Irazu has allegedly been falsely accused of being "an Argentinean Nazi, anti-Semitic[,] or white supremacist . . . [and] falsely deemed as . . . an abuser of women and children." *Id.* at 9. Mr. Irazu contends that this Court has views that favor women and people of color, and that these views formed the basis of the rulings and order issued. *Id.* at 8. Mr. Irazu emphasizes that a "white and heterosexual father . . . with religious and/or secular beliefs not in sync with those of certain public officials can" be discriminated against. *Id.* at 10. Mr. Irazu also argues "[t]here is no sensible explanation for the rulings and dynamics described" except that this Court is not willing to adjudicate claims about "the performance of certain local officials" and Mr. Irazu is not the Court's "preferred plaintiff." *Id.*

The Court disagrees.

"[J]udicial rulings alone almost never constitute a valid basis for a bias or partiality motion." *Liteky v. United States*, 510 U.S. 540, 555 (1994) (citation omitted); *see Gallop v. Cheney*, 645 F.3d 519, 520 (2d Cir. 2011) ("Prior rulings are, ordinarily, not a basis for disqualification."). Instead, if there is an issue with the underlying legal reasoning of a judicial ruling, this may be "proper grounds for appeal, not for recusal." *Liteky*, 510 U.S. at 555. Even "opinions formed by the judge on the basis of facts introduced or events occurring in the course of the current proceedings, or of prior proceedings, do not constitute a basis for a bias or partiality motion unless they display a deep-seated favoritism or antagonism that would make fair judgment impossible." *Id.*

Here, the plaintiff simply quotes certain statements this Court made prior to joining the bench that women and people of color have faced challenges under the law. *See* Mot. for Recusal at 8. Mr. Irazu has failed to provide any evidence that could lead to the inference that this Court or Judge Spector exercised "deep-seated . . . antagonism" against Mr. Irazu due to his race, religion, or parental status. *See Liteky*, 510 U.S. at 555. Mr. Irazu complains that this Court is not willing to adjudicate claims about "the performance of certain local officials" and Mr. Irazu is not the Court's "preferred plaintiff," Mot. for Recusal at 10, simply takes issue with the underlying legal reasoning of a judicial ruling, which may be "proper grounds for appeal, [but] not for recusal." *Liteky*, 510 U.S. at 555.

As a result, as alleged, no "reasonable person, knowing and understanding all the relevant facts, would conclude that the judge's impartiality might reasonably be questioned." *Holt v. KMI Cont'l, Inc.*, 821 F. Supp. 846, 847 (D. Conn. 1993). Indeed, "[a] judge is as much obliged not to recuse himself when it is not called for as he is obliged to when it is." *In re Drexel Burnham Lambert, Inc.*, 861 F.2d at 1312 (citations omitted).

Accordingly, the motion to recuse will be denied.

**SO ORDERED** at Bridgeport, Connecticut, this 22nd day of December, 2022.

/s/ Victor A. Bolden
Victor A. Bolden
United States District Judge