UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

| | |
|---|---|
| FERNANDO G. IRAZU,<br>*Plaintiff*<br><br>v.<br><br>MARGARITA OLIVA SAINZ DE AJA,<br>KEVIN F. COLLINS, and<br>JEFFREY A. DIAMOND,<br>*Defendants*. | No. 3:21-cv-618 (VAB) |

**RULING AND ORDER ON MOTION TO AMEND, MOTION FOR RECONSIDERATION, AND MOTION FOR E-FILING**

Fernando Irazu ("Plaintiff" or "Mr. Irazu") commenced this action *pro se* against Margarita Oliva Sainz De Aja ("Ms. Sainz De Aja"), Mr. Irazu's former wife; Kevin F. Collins ("Mr. Collins"), Ms. Sainz De Aja's divorce attorney; and Jeffrey A. Diamond ("Mr. Diamond"), a Family Caseflow Coordinator in charge of scheduling judges for family law hearings. Am. Compl., ECF No. 17 (June 21, 2021) ("Am. Compl.").

Mr. Irazu alleged: (1) an "ongoing attempt to illegally appropriate [the plaintiff's] entire patrimony with fraudulent intent—against preexistent agreements and applicable law to the parties"; and (2) "plain abusive, vexatious and unethical dealings before local and international courts, when not criminal conduct per federal normative." *See* Am. Compl. ¶ 14.

On March 8, 2022, Magistrate Judge Spector issued a recommended ruling dismissing the Amended Complaint under 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(1). *See* Recommended Ruling, ECF No. 19.

On December 22, 2022, this Court adopted Magistrate Judge Spector's recommended ruling over Mr. Irazu's objection. *See* Order, ECF No. 27.

1

On August 22, 2022, Mr. Irazu moved for recusal of this Court for alleged bias. *See* Pl.'s Mot. for Recusal, ECF No. 24 ("Mot. to Recuse"). On December 22, 2022, the Court denied this motion. *See* Order, ECF No. 26.

On January 17, 2023, Mr. Irazu filed a motion to amend or correct the Court's December 22, 2022 rulings under Federal Rule of Civil Procedure 52(b). *See* Mot. to Amend/Correct and Make Additional Findings, ECF No. 29 ("Mot. to Amend"). The same day, Mr. Irazu filed a motion for reconsideration under Federal Rule of Civil Procedure 60(a) and 60(b). *See* Mot. for Relief Pursuant to Rule 60(a) (b), ECF No. 28 ("Mot. for Reconsideration").

For the following reasons, Mr. Irazu's motion to amend and motion for reconsideration are **DENIED**.

This case remains closed and therefore, Mr. Irazu's motion to participate in e-filing is **DENIED as moot**.

## I.  FACTUAL AND PROCEDURAL BACKGROUND

The Court assumes familiarity with the factual and procedural background of this case. *See generally* Order, ECF No. 26; Recommended Ruling, ECF No. 19.

## II.  STANDARD OF REVIEW

### a. Rule 52(b)

Rule 52(b) permits a court, on a party's motion, to "amend its findings—or make additional findings—and . . . amend the judgment accordingly." Fed. R. Civ. P. 52(b). Under Rule 52(b), a party may "request clarification or supplementation of the facts found to aid the appellate court in understanding the factual issues at trial," even where the judgment will not be altered. *Hartford Roman Catholic Diocesan, Corp. v. Interstate Fire & Casualty Co.*, No. 3:12-cv-1641 (JBA), 2017 WL 3172536, at *1 (D. Conn. July 26, 2017) (internal quotation marks and

citation omitted); *Hollis v. City of Buffalo*, 189 F.R.D. 260, 262 (W.D.N.Y. 1999) ("Under Rule 52(b) a court may amend its findings of fact in order to . . . clarify the record for appeal.").

### b. Rule 60

Rule 60(a) provides that a court "may correct a clerical mistake or a mistake arising from oversight or omission whenever one is found in a judgment, order, or other part of the record." Fed. R. Civ. P. 60(a). Federal Rule of Civil Procedure 60(b) permits a movant, within one year of the entry of the judgment, to avoid the effect of a final judgment on the following bases:

> (1) mistake, inadvertence, surprise, or excusable neglect;
> (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
> (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
> (4) the judgment is void;
> (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
> (6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b)–(c).

"The decision whether to grant a party's Rule 60(b) motion is committed to the 'sound discretion' of the district court[.]" *Stevens v. Miller*, 676 F.3d 62, 67 (2d Cir. 2012) (citation omitted). "Rule 60(b) provides extraordinary relief, and a motion thereunder may only be granted upon a showing of exceptional circumstances." *Wilson v. Yale Univ.*, No. 3:15-cv-207 (RAR), 2018 WL 8335173, at *1 (D. Conn. May 7, 2018); *see also Emps. Mut. Cas. Co. v. Key Pharms.*, 75 F.3d 815, 824 (2d Cir. 1996) ("A movant under Rule 60(b) must demonstrate 'exceptional circumstances' justifying the extraordinary relief requested." (citing *Nemaizer v. Baker*, 793 F.2d 58, 61 (2d Cir. 1986))).

"A Rule 60 motion 'may not be used as a substitute for appeal' . . . . [A] claim based on legal error alone is inadequate." *Nelson v. City of Stamford*, No. 3:12-cv-294 (VLB), 2012 WL 3155999, at *2 (D. Conn. Aug. 3, 2012) (quoting *United Airlines, Inc. v. Brien*, 588 F.3d 62 (2d Cir. 2009)). "The burden of proof on a Rule 60(b) motion lies with the party seeking relief." *Serrano v. Smith*, No. 05 CIV. 1849 (KTD), 2009 WL 1390868, at *1 (S.D.N.Y. May 13, 2009).

### III. DISCUSSION

Mr. Irazu has filed a motion to amend or correct the Court's rulings denying his motion to recuse and adopting Magistrate Judge Spector's recommended ruling dismissing the Amended Complaint (the Court's "prior rulings"). Mr. Irazu also filed a motion for reconsideration of the Court's prior rulings.

The Court will address each in turn.

#### A. Motion to Amend or Correct Under Rule 52(b)

Rule 52(b) permits a court, on a party's motion, to "amend its findings—or make additional findings—and . . . amend the judgment accordingly." Fed. R. Civ. P. 52(b).

By invoking Rule 52(b), Mr. Irazu appears to argue that the Court has made findings of fact in support of its prior rulings. *See* Mot. to Amend at 14–16. Additionally, Mr. Irazu argues the Court has not considered additional events that have happened since he filed the Amended Complaint on June 21, 2021. *See id.* at 15 ("The Plaintiff alleges there are new and substantial changes of circumstances surrounding his claims, which have further evolved over the last year and a half. . . .").

Notably, Rule 52 specifically applies to "an action tried on the facts." Fed. R. Civ. P. 52(a). Here, the Complaint was dismissed at initial review. *See* Order, ECF No. 27. When reviewing a complaint, the Court "accept[s] as true all factual allegations in the complaint and

4

"draw[s] all reasonable inferences in favor of the plaintiff." *King v. Sampson*, 189 F.3d 284, 287 (2d Cir. 1999). In Magistrate Judge Spector's recommended ruling, which this Court adopted, the facts alleged in Mr. Irazu's Amended Complaint were considered as true. *See* Recommended Ruling at 1–3. Similarly, the Court relied on Mr. Irazu's statement of facts in deciding his motion for recusal. *See* Order, ECF No. 26. Therefore, Mr. Irazu's contention that the Court made incorrect findings of fact is misplaced.

Moreover, to the extend Mr. Irazu argues the Court should consider additional facts not in the Amended Complaint, this is incorrect. When considering a Complaint, a court is "limited to the contents of the operative complaint." *McCray v. Lee*, 963 F.3d 110, 119 (2d Cir. 2020). Therefore, the Court cannot make additional findings under Rule 52(b).

Accordingly, Mr. Irazu's motion to amend or correct will be denied.

### B. Motion for Reconsideration Under Rule 60(b)

Mr. Irazu next argues that the Court's ruling adopting Magistrate Judge Spector's recommended ruling and ruling denying Mr. Irazu's motion to recuse (the Court's "prior rulings") were incorrectly decided. Mot. for Reconsideration at 13–16. Mr. Irazu invokes Rule 60(a) and 60(b)(1) through 60(b)(6) as grounds for this Court to reconsider its prior rulings. *Id.* Mr. Irazu contends that the Court's prior rulings "do not pass the necessary threshold under law" and "it cannot be argued there is no sufficient evidence on the record." *Id.* at 14–15.

The Court will address each of these grounds below.

Rule 60(a) applies only to "changes that implement the result intended by the court at the time the order was entered"; it does not permit "changes that alter the original meaning to correct a legal or factual error." *Rezzonico v. H & R Block, Inc.*, 182 F.3d 144, 150–51 (2d Cir. 1999) (quoting *Kokomo Tube Co. v. Dayton Equip. Servs. Co.*, 123 F.3d 616, 623 (7th Cir. 1997)).

Because Mr. Irazu requests that the Court alter its legal reasoning to implement a different result, Rule 60(a) cannot provide the relief he seeks.

Rule 60(b)(1) permits relief from a judgment based on "mistake, inadvertence, surprise, or excusable neglect." Fed. R. Civ. P. 60(b)(1). Under this provision, a district court may correct its own mistakes that are "of a substantive legal nature," *Int'l Controls Corp. v. Vesco*, 556 F.2d 665, 670 (2d Cir. 1977), and "its own mistake[s] of fact," *Gey Assocs. Gen. P'ship v. 310 Assocs.*, 346 F.3d 31, 35 (2d Cir. 2003). Because there are no legal errors in the Court's prior rulings that must be corrected, and as discussed above, the Court properly relied on the relevant facts, Mr. Irazu's motion will be denied on these grounds.

Similarly, Rule 60(b)(2) and 60(b)(3) cannot provide Mr. Irazu the relief he seeks. Rule 60(b)(2) "authorizes a court to relieve parties from judgments in the face of 'newly discovered evidence that, with reasonably diligence, could not have been discovered in time to move for a new trial.'" *Castro v. Bank of N.Y. Mellon*, 852 F. App'x 25, 29 (2d Cir. 2021) (quoting Fed. R. Civ. P. 60(b)(2)). Here, as noted above, there has been no trial and the Court's prior rulings were confined to the facts alleged in the Amended Complaint. While Rule 60(b)(3) provides relief if the movant can show there was "fraud . . . , misrepresentation, or misconduct by an opposing party," Fed. R. Civ. P. 60(b)(3), here, no opposing party has participated in this litigation to date. Therefore, Mr. Irazu's motion will be denied on these grounds.

Mr. Irazu has also not provided any basis to find that the Court's prior rulings are void under Rule 60(b)(4) because the Court properly dismissed the Amended Complaint for lack of subject matter jurisdiction and failure to state a claim. *See* Recommended Ruling, ECF No. 19; Order, ECF No. 27. The Court did so under 28 U.S.C. § 1915, which authorizes courts to review and dismiss *pro se* complaints "if the court determines that . . . the action . . . (ii) fails to state a

claim upon which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). Therefore, there is no basis to find the Court's prior rulings are void. *See U.S. Secs. Exch. Comm'n v. Bronson*, No. No. 22-1045-cv, 2022 WL 5237474, at *2–3 (2d Cir. Oct. 6, 2022) (finding the movant could not establish the lower court's order was void because "[a] judgment is void under Rule 60(b)(4) for lack of jurisdiction only if the court that rendered it lacked jurisdiction of the subject matter, or of the parties." (citation and quotations omitted)).

Next, Rule 60(b)(5) provides that a court may grant relief from a final judgment where "the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable." Fed. R. Civ. P. 60(b)(5). Here, there is no basis to apply Rule 60(b)(5) because the judgment has not been satisfied, released, or discharged, and the judgment was not based on an earlier judgment. Moreover, the third prong of Rule 60(b)(5) is intended to address injunctions because they "often remain in force for many years, and the passage of time frequently brings about changed circumstances—changes in the nature of the underlying problem, changes in the governing law or its interpretation by the courts, and new policy insights—that warrant reexamination of the original judgment." *Horne v. Flores*, 557 U.S. 433, 447–48 (2009). Here, there is no such injunction and therefore, Rule 60(b)(5) cannot provide the relief Mr. Irazu seeks.

Finally, Rule 60(b)(6) is "properly invoked where there are extraordinary circumstances, or where the judgment may work an extreme and undue hardship, and should be liberally construed where substantial justice will thus be served." *Matarese v. LeFevre*, 801 F.2d 98, 106 (2d Cir. 1986) (internal quotation marks and citations omitted). A Rule 60(b)(6) motion, however, "may not be used as a substitute for appeal" and "a claim based on legal error alone is

7

inadequate." *United Airlines, Inc. v. Brien*, 588 F.3d 158, 176 (2d Cir. 2009) (citing *Matarese*, 801 F.2d at 106). For the reasons discussed above, Mr. Irazu has failed to provide evidence of "extraordinary circumstances" warranting reconsideration, *D'Angelo v. State Farm Fire & Cas. Co.*, 32 F. App'x 604, 605 (2d Cir. 2002) ("Material offered in support of a motion to vacate under Rule 60(b)(6) must be highly convincing material." (citing *United States v. Cirami*, 563 F.2d 26 (2d Cir. 1977))), and his arguments concerning the Court's application of the law are more appropriately brought on appeal.

To the extent Mr. Irazu's motion for reconsideration also seeks leave to amend the Complaint, this request is denied. *See* Mot. for Reconsideration at 17 (requesting that "the Court open the present case . . . [and] allow the Plaintiff to amend his complaint in light of more recent events"). Even considering the additional facts included in Mr. Irazu's motions, any amendment would be futile because Mr. Irazu cannot cure Mr. Diamond's immunity from suit by pleading additional facts. *See Grullon v. City of New Haven*, 720 F.3d 133, 114 (2d Cir. 2013) ("Leave to amend may properly be denied if the amendment would be 'futil[e].'" (quoting *Foman v. Davis*, 371 U.S. 178, 182 (1962))); *Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000) ("[W]e do not find that the complaint liberally read suggests that the plaintiff has a claim that she has inadequately or inartfully pleaded. . . . The problem with [plaintiff's] causes of action is substantive; better pleading will not cure it." (citations, internal quotation marks, and alterations omitted)).

Accordingly, Mr. Irazu's motion for reconsideration will be denied.

## IV. Conclusion

For the foregoing reasons, Mr. Irazu's motion to amend and motion for reconsideration are **DENIED**.

This case remains closed and therefore, Mr. Irazu's motion to participate in e-filing is **DENIED as moot**.

**SO ORDERED** at Bridgeport, Connecticut, this 7th day of April, 2023.

                                                  /s/ Victor A. Bolden
                                                  Victor A. Bolden
                                                  United States District Judge